IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELVIN O MILES,

    Plaintiff,
v.                                        CASE NO. 1:15-cv-41-MP-GRJ

L JACKSON, et al.,

    Defendants.
_____/

## ORDER AND
## AMENDED REPORT AND RECOMMENDATION

The Court recommended that Defendants' motions to dismiss, ECF Nos. 11 and 20, asserting that Plaintiff is subject to the 28 U.S.C. § 1915(g) three-strikes bar, be denied. ECF No. 31. Defendant Ivette Colon-Reyes filed an objection because the Report and Recommendation did not address her alternative argument that the Complaint fails to state a claim against her. ECF No. 32. Upon due consideration, the Court concludes that the Report and Recommendation should be withdrawn and substituted with this Amended Report and Recommendation.

Plaintiff is proceeding pursuant to an Amended Complaint, ECF No. 7. Plaintiff alleges that he was subjected to an excessive use of force while he was detained at the Alachua County Jail and that jail medical personnel were deliberately indifferent to his serious medical needs. *Id*.

The Court ordered service of the Complaint upon the jail officers and the jail Medical Director, as named in the Amended Complaint.  Dr. Colon-Reyes entered an appearance as the Medical Director, and moved to dismiss the Complaint pursuant to the 28 U.S.C. § 1915(g) three strikes bar and for failure to state a claim against her.  ECF No. 11.  The jail officers, S. Haberland, L. Jackson, and B. Rinehart, moved to dismiss the Amended Complaint pursuant to the three-strikes bar.  ECF No. 20.

Plaintiff filed responses in opposition to the motions, ECF No. 27, 28, 30.[1]  In his response, Plaintiff concedes that Dr. Colon-Reyes should be dismissed from this case and voluntarily dismisses her.  ECF No. 27 at 2.  The Court construes Plaintiff's response as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).  For the following reasons, the undersigned recommends that the motion to dismiss of S. Haberland, L. Jackson, and B. Rinehart (ECF No. 20) be denied and that Dr. Colon-Reyes' motion to dismiss for failure to state a claim should be granted pursuant to Plaintiff's motion for voluntary dismissal.

### Motion to Dismiss Pursuant to Three-Strikes Bar

Defendants' move to dismiss this case because they assert that

---

[1] ECF No. 30 is a motion to supplement Plaintiff's responses, and is due to be granted.

Plaintiff was subject to the 28 U.S.C. § 1915(g) three-strikes bar at the time the case was filed.  A review of the Court's PACER Case Locator reflects that prior to initiating the instant case, Plaintiff had filed two previous civil cases or appeals that qualify as "strikes" pursuant to § 1915(g): *Miles v. Jackson*, Case No. 1:12-cv-31-MP-GRJ (N.D. Fla. ) (dismissing case for abuse of the judicial process for failure to truthfully disclose prior case filing history) and *Miles v. Warden*, Case No. 11-10368 (11th Cir. July 19 2011) (dismissing as frivolous appeal from grant of summary judgment for defendants in S.D. Fla. Case No. 1:08-cv-20612-KMM).

In the motion to dismiss, Defendants contend that an additional prior case counts as a "strike" against Plaintiff: *Miles v. Moore*, Case No 3:01-cv-196-LAC-SMN (N.D. Fla. 9/25/01) (dismissing case for failure to comply with an order of the court because Plaintiff failed to pay the initial partial filing fee assessed by the court).  The docket in that case reflects that Plaintiff filed the complaint on May 25, 2001, filed his prisoner consent and financial certificate on June 21, 2001, and was ordered to pay an initial partial filing fee of $4.67 on June 29, 2001.  Plaintiff failed to pay the fee by the July 30, 2001, deadline, and on August 30, 2001, the Magistrate Judge recommended that the case be dismissed without prejudice for failure to comply with an order of the Court.  *Id*.  Plaintiff objected that he no longer

had funds in his account, but the case was dismissed over his objection. *Id*. The order of dismissal does not reflect that the dismissal would operate as a "strike" pursuant to § 1915(g). *See id*. ECF Nos. 6, 8.

Defendants argue that this prior dismissal should nevertheless operate as a strike, and as support cite *Miller v. Crosby*, Case No. 4:05-cv-421-MP-AK (N.D. Fla. May 4, 2006). In *Miller,* the Plaintiff filed the case on November 8, 2005, but failed to submit an inmate account statement until February 15, 2006, despite being ordered to do so. Plaintiff instead filed numerous other "'memoranda and other unnecessary papers." ECF No. 29. Plaintiff's account statement reflected large deposits into his inmate account, and he was ordered to pay an initial partial filing fee of $206.78 on or before March 24, 2006. Plaintiff failed to submit the fee, and in view of his noncompliance, despite having ample funds to pay the fee, and because of his delay of the case for six months "with frivolous excuses," the Magistrate Judge recommended that the case be dismissed and a "strike" assessed. *Id*. The district judge agreed that Plaintiff's failure to pay and "excessive delay" in the case warranted dismissal for failure to prosecute, failure to obey a court order, and as frivolous, and that the dismissal constituted a "strike." *Id*. ECF No. 31.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a

prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"A dismissal for failure to prosecute *made in the light of a frivolous response to a show cause order* is a strike for purposes of section 1915(g)." *Allen v. Clark*, 266 Fed. Appx. 815, 817 (11th Cir. 2008) (emphasis added). However, there is nothing in the three-strikes statute that suggests that a dismissal for failure to comply with a court order to pay an initial partial filing fee, absent circumstances that suggest a Plaintiff is litigating vexatiously or in bad faith, should count as a "strike," nor has the Court identified any authority for doing so. The facts in the *Miller* case relied upon by Defendants are readily distinguishable from the dismissal in Plaintiff's prior case because there are *no* findings by the Court in the Plaintiff's case suggesting that the dismissal should operate as a strike. *See also Butler v. DOJ*, 492 F.3d 440, 443–45 (D.C. Cir. 2007) (holding that a dismissal for failure to prosecute does not necessarily qualify as a strike because it is not a decision based on the merits, maliciousness, or

frivolity of an action). As the D.C. Circuit observed, "[h]ad Congress wanted to include dismissals for failure to prosecute among the strikes listed in § 1915(g), it could have done so." *Id*. at 444.

Accordingly, the Court concludes that the circumstances surrounding the dismissal in *Miles v. Moore*, Case No 3:01-cv-196-LAC-SMN, do not warrant a finding that the case operates as a "strike" for purposes of 28 U.S.C. § 1915(g).

It is therefore **ORDERED**:

1. Plaintiff's motion to supplement the record, ECF No. 30, is **GRANTED**.

2. The Report and Recommendation, ECF No. 31, is **WITHDRAWN.**

3. Pursuant to Plaintiff's response, construed as a motion for voluntary dismissal, ECF No. 27, Dr. Colon-Reyes' motion to dismiss, ECF No. 11, is **GRANTED**.

It is respectfully **RECOMMENDED** that the remaining Defendants' motion to dismiss pursuant to the three-strikes bar, ECF No. 20, should be **DENIED.**

**IN CHAMBERS** this 14th day of January 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.